**DINGLIAN ZOU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Board of Immigration Appeals, Eric H. Holder,**

**Jr.,\* United States Attorney General, Respondents.**

No. 07–4285–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2009.

Jason A. Nielson, Law Offices of Joe Zhenghong Zhou and Associates, PLLC, Flushing, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Dinglian Zou, a native and citizen of the People's Republic of China, seeks review of a September 4, 2007 order of the BIA, which: (1) reversed the August 12, 2004 decision of Immigration Judge ("IJ") Annette S. Elstein granting her application for asylum and withholding of removal; and (2) affirmed the IJ's denial of her application for relief under the Convention Against Torture ("CAT"). *In re Dinglian Zou,* No. A070 895 410 (B.I.A. Sept. 4, 2007), *rev'g in part* No. A070 895 410 (Immig. Ct. N.Y. City Aug. 12, 2004).

We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Zou argues that the BIA erred in concluding that she failed to demonstrate her eligibility for asylum based on the birth of her U.S. citizen twins. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which Zou presented and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 156–65 (2d Cir.2008). Further, despite Zou's argument that the BIA failed to adequately consider the evidence she presented, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise" and there is nothing in the BIA's decision compelling the conclusion that it failed to take into account Zou's evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former